UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:10-CR-2(1) |
| | § | |
| SUSAN E. CRAWFORD | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On July 30, 2012, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Jim Middleton. Defendant was represented by John Stroud.

Susan E. Crawford ("Defendant") was sentenced on September 28, 2010, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of driving while intoxicated, repeat offender, in violation of 18 U.S.C. §13. This offense is a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. There is no analogous guideline or guideline range for this offense. Defendant was subsequently sentenced to 1 day imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include home detention for 30 days; payment of financial penalty imposed by the judgment; financial disclosure; prohibition of obtaining new credit, opening additional lines of credit, and gambling without the approval of the probation office unless the financial obligation had been paid in full; substance abuse aftercare; mental health aftercare; alcohol abstinence, suspended driving privileges on maritime and territorial jurisdictions; $1,000 fine; and a $100 special assessment. On September 28, 2010, Defendant completed her period of imprisonment and began service of the supervision term.

In its petition to revoke, the Government alleges Defendant violated the following conditions:

1) **Defendant shall not commit another federal, state, or local crime**. Specifically, the Government alleges on July 18, 2012, Defendant was arrested on a warrant for assault with bodily injury. Defendant was released from jail on July 24, 2012, after posting a $5000 bond. Her next court date is September 4, 2012.

2) **Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.** Specifically, the Government alleges Defendant was instructed by the probation officer to complete a substance abuse evaluation on June 27, 2012, and a mental health evaluation on July 13, 2012. Defendant failed to report to each treatment provider as directed. On July 16, during a home visit, the probation officer instructed Defendant to contact each treatment provider by the end of the day to reschedule the evaluations. Defendant failed to reschedule the evaluations as directed.

3) **Defendant shall participate in a program of testing and treatment for alcohol and drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.** Specifically, the Government alleges Defendant failed to report for the substance abuse evaluation scheduled on June 27, 2012, and failed to contact the treatment provider to reschedule.

4) **Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.** Specifically, the Government alleges Defendant failed to report for the mental health evaluation scheduled July 13, 2012, and failed to contact the treatment provider to reschedule.

**5) Defendant shall abstain from all alcohol consumption.** Specifically, the Government alleges, by her own admission to the probation officer on July 23, 2012, Defendant has consumed alcohol on more than one occasion since November 2011.

The Court scheduled a revocation hearing July 30, 2012. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled not true to the allegations. Alan Elmore, United States Probation Officer, testified at the hearing. Plaintiff also testified at the hearing.

According to Mr. Elmore, Defendant allegedly assaulted an off duty bartender at the VFW private club in New Boston, Texas on June 10, 2012. Plaintiff testified she went to the VFW to listen to a band and was asked to leave after one song. As Plaintiff left the VFW, the off duty bartender walked out behind her, and Defendant asked the bartender why she had been asked to leave. According to the offense report, Defendant began cursing the bartender, slapped her in the face, and pushed her into a wall, causing a scratch over her left eye. Defendant testified the bartender tripped and fell. Plaintiff left the VFW before Bowie County Sheriff's Office deputies arrived to investigate. The officers took a statement of the bartender. A witness claimed both Defendant and the bartender had consumed alcohol that evening.

On June 20, 2012, Mr. Elmore discussed the VFW incident with Defendant. Defendant denied drinking alcohol or slapping the bartender that evening. Mr. Elmore advised Defendant that he thought it was necessary to place Defendant into a substance abuse program. Mr. Elmore also felt it was necessary to schedule a mental health evaluation to address any anger management issues Defendant might have. Defendant was instructed to complete a substance abuse evaluation on June 27, 2012 and a mental health evaluation on July 13, 2012. Defendant was directed to reschedule the

3

appointments if she was unable to attend. Defendant failed to report to each treatment provider as directed nor did she reschedule the appointments.

Class A misdemeanor assault charges were filed against Defendant in state court. A warrant was issued for Defendant's arrest on July 2, 2012. Mr. Elmore visited Defendant at her home on July 16, and he addressed Plaintiff's failure to appear at the appointments. Defendant indicated she was having health issues during that time. Defendant was hospitalized for at least a couple of days because of an asthma attack/adult bronchitis. Because of her severe allergies, Defendant explained she could not see to drive and thus could not make the appointments. Mr. Elmore instructed Plaintiff to meet with her allergy doctor as scheduled and to reschedule the missed appointments. Plaintiff failed to reschedule the appointments. Defendant was arrested on July 18, 2012 and spent approximately one week in jail.

On July 23, 2012, Mr. Elmore visited Defendant, and Defendant admitted using alcohol on more than one occasion while on release. Defendant testified she did not know what she was saying; she was so upset by Mr. Elmore's visit and denies using alcohol since her release.

Defendant lives in a cabin by herself on the banks of the Red River. She is going through a divorce. Although Defendant may still be employed at the Red River Army Depot, Mr. Elmore recently spoke with Defendant's supervisor, and the supervisor did not feel Defendant would still have a job if she reported back to work. Defendant has been absent from work without leave or without pay since April. Mr. Elmore recommended Defendant be sentenced to nine months imprisonment so that Defendant could receive some alcohol abuse treatment as well as treatment for her anger management.

The Court, having considered the motion, hearing arguments of counsel, and the testimony

presented at the hearing, finds Defendant did violate certain conditions of her supervised release as alleged in the U.S. Probation Office's petition, namely by failing to participate in the mental health evaluation and substance abuse evaluation scheduled by the Probation Officer and by failing to reschedule the missed appointments as directed by the Probation Officer. The Court also finds by a preponderance of the evidence that Plaintiff did consume alcohol while on supervised release. The Court therefore recommends the term of supervised release be revoked and the sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is the recommended judgment of the Court that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with a two-year term of supervised release to follow said term of imprisonment. The Court further recommends as follows.

Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, Defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions.

It is further recommended that Defendant provide the probation officer with access to any requested financial information for purposes of monitoring efforts to maintain lawful employment; that Defendant shall participate in a program of testing and treatment for alcohol and drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer; under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider; that Defendant shall not

illegally possess a controlled substance and shall refrain from any unlawful use of a controlled substance; that Defendant be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer; and that Defendant shall abstain from all alcohol consumption. (The Court does not recommend that Defendant shall perform 50 hours of community service as suggested by the probation officer.) Based on the foregoing, it is

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with a two-year term of supervised release to follow said term of imprisonment. It is further

**RECOMMENDED** that the Court impose the conditions of supervised release outlined above.

The parties were informed of the right to file objections to the recommendations as set forth above. Defendant was also advised that she has the right to be present with counsel, to speak in her own behalf, and to have counsel speak in her behalf before any additional sentence is imposed.

**SIGNED this 31st day of July, 2012.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE